UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MALIN SANGKAWATANA  Plaintiff,  v.  CITIBANK, N.A.  Defendant. | CIVIL ACTION  COMPLAINT 1:17-cv-08749  JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, MALIN SANGKAWATANA ("Plaintiff"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, CITIBANK, N.A. ("Citi") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227 ("TCPA"), and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Citi conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

**PARTIES**

5. Plaintiff is a consumer and natural person over 18-years-of-age who at all times relevant resided in Illinois.

6. Citi is a corporation with its principal place of business located at 701 East 60th Street North, Sioux Falls, South Dakota 57104. Citi is a foreign company and a creditor, lender, debt collector, furnisher of credit information, and servicer of mortgage loans across the country, qualified to do business in the State of Illinois.

**CITI'S CALLS TO PLAINTIFF'S CELLULAR PHONE**

7. Several years ago, Plaintiff obtained a credit card from Citi and incurred debt ("subject debt") as result.

8. Plaintiff subsequently defaulted on the subject debt after no longer being able to keep up with the monthly payments.

9. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of a cellular telephone with the assigned number ending in 6759. Plaintiff is and has always been financially responsible for this cellular phone and its services.

10. In or around July 2017, Plaintiff received a call from Citi attempting to collect the subject debt. During that call, Plaintiff said "hello," to which there was no response for approximately 3 seconds before Plaintiff was greeted by a live Citi agent.

11. In response to this call, Plaintiff demanded that Citi cease placing calls to her cellular phone.

12. Notwithstanding Plaintiff's demand that Citi cease placing calls to her cellular phone, Citi continued to call Plaintiff's cellular phone up to four times per day in an attempt to induce payment on the subject debt.

13. Notwithstanding Plaintiff's demand that Citi cease placing calls to her cellular phone, Citi continued to place or caused to be placed no less than 200 harassing calls to Plaintiff's cellular phone.

14. Between August 25, 2017 and October 31, 2017 alone, Citi placed 135 harassing autodialed calls to Plaintiff's cellular phone.

15. Citi placed unwanted calls to Plaintiff's cellular phone using the following numbers:

- 816-420-4632; and
- 866-680-8628.

16. Upon information and belief, and based on the lack of prompt human response during the phone calls that Plaintiff answered, Citi placed the unlawful and unwanted calls to Plaintiff's cellular phone using a predictive dialing system.

## DAMAGES

17. Citi's calls to Plaintiff's cellular phone have disrupted her everyday life.

18. Citi's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, increased risk of personal injury due to the distraction caused by the phone calls, diminished value and utility of her telephone equipment and telephone subscription services, the wear and tear caused to her cellular telephone, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

19. Moreover, Plaintiff was forced to expend time and expenses by retaining counsel as a result of Citi's conduct.

## **COUNT I – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**

20. Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

21. The TCPA prohibits calling persons on their cell phone using an automatic telephone dialing system ("ATDS"). 47 U.S.C. §227(b)(1)(iii). The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

22. Upon information and belief, Citi used a predictive dialing system to place calls to Plaintiff.

23. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

24. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

25. Citi violated the TCPA by placing no less than 200 calls to Plaintiff's cellular phone using an ATDS without her consent. Any prior consent was revoked by virtue of Plaintiff's verbal revocations.

26. Pursuant to 47 U.S.C. §227(b)(3)(B), Citi is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Citi's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff MALIN SANGKAWATANA requests that this Honorable Court:

a. Declare Citi's phone calls to Plaintiff to be a violation of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C);
c. Award Plaintiff reasonable attorney fees and costs; and
d. Award any other relief this Honorable Court deems equitable and just.

### COUNT II – VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

27. Plaintiff restates and reallages paragraphs 1 through 19 as through fully set forth herein.

28. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/ (c) and (e) respectively.

**a. Unfairness and Deception**

29. It is unfair for Citi to harass Plaintiff through harassing phone calls placed to her cellular phone after she requested that Citi cease placing calls to her cellular phone.

30. It was deceptive for Citi to continue to contact Plaintiff in an effort to collect the subject debt after Plaintiff demanded that the calls cease.

31. It was unfair and deceptive for Citi to place multiple calls per day, up to four times per day, to Plaintiff's phone in an attempt to harass Plaintiff.

32. Citi bullied Plaintiff into near submission via unfair conduct through its harassing phone calls.

33. The phone harassment campaign Citi unleashed on Plaintiff is against public policy, immoral, unethical, and oppressive.

34. As pled above, Plaintiff was harmed by Citi's unfair conduct.

35. Upon information and belief, Citi systematically places harassing phone calls to Illinois consumers in an effort to aggressively collect debts even after Citi no longer has consent to place such calls.

36. Upon information and belief, placing unsolicited and harassing phone calls to Illinois consumers is an unfair business practice willfully employed by Citi and is done on a broad scale.

37. An award of punitive damages is appropriate because Citi's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the continued harassing phone calls

WHEREFORE, Plaintiff MALIN SANGKAWATANA requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Citi;
b. Award Plaintiff her actual damages in an amount to be determined at trial;
c. Award Plaintiff her punitive damages in an amount to be determined at trial;
d. Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: December 5, 2017                              Respectfully Submitted,

/s/ Marwan R. Daher                                  /s/ Omar T. Sulaiman
Marwan R. Daher, Esq.                                Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*                              *Counsel for Plaintiff*
Sulaiman Law Group, Ltd.                             Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200                2500 South Highland Avenue, Suite 200
Lombard, IL 60148                                    Lombard, IL 60148
Telephone: (630) 575-8181                            Telephone: (630) 575-8181
mdaher@sulaimanlaw.com                               osulaiman@sulaimanlaw.com